Argued July 21, reversed August 17, 1977

# ATWOOD, *Respondent,*
*v.*
# STATE ACCIDENT INSURANCE FUND,
*Appellant.*
## (No. A-77-02-01951, CA 8389)
567 P2d 589

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Lawrence L. Paulson, Portland, argued the cause for respondent. With him on the brief was McMenamin, Joseph, Herrell & Paulson, Portland.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

In this workers' compensation case, aggravation is the issue. It will serve no purpose to set the facts out in detail. In prior proceedings, it was determined that claimant's 1971 on-the-job automobile accident aggravated a mental condition described by his psychiatrist as a chronic brain syndrome. A chronic brain syndrome is a progressive condition and the evidence indicates that claimant is now permanently and totally disabled. The point of dispute is whether the worsening of the chronic brain syndrome is causally related to the earlier injury. The hearings officer and the Workers' Compensation Board found that it was not. The circuit court reversed, finding that it was.

Upon de novo review, we hold that claimant has not carried his burden of establishing causation of that aggravation. The strongest evidence in support of the claim of aggravation is the report of claimant's psychiatrist:

> "* * * it is my judgment that this accident may very well have been a precipitating episode for the continuing symptoms."

The psychiatrist's testimony clarified his report. Upon cross-examination, he was asked whether industrial causation was probable or "just within the range of possibility" and he answered:

> "I don't quite know how to answer your question, Mr. Hess. Let me say this: In numerous times in medical school, a professor would point out that anything is possible in medicine. Not very likely but anything is possible. On that basis, I would have to say yes."

Reversed.